**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FEB 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE SILFREDO LARA-GOMEZ; ERIC SILFREDO LARA-PINEDA, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-87 <br><br> Agency Nos. <br> A218-146-955 <br> A218-146-956 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2025[**]
San Francisco, California

Before: McKEOWN, FORREST, and SANCHEZ, Circuit Judges.

Petitioner Jose Silfredo Lara-Gomez, a native and citizen of El Salvador,

seeks review of the Board of Immigration Appeals' (BIA) dismissal of his appeal

from an immigration judge's (IJ) denial of his claims for asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"We review the denial of asylum, withholding of removal[,] and CAT claims for substantial evidence. Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citations omitted). "Where the BIA adopts and affirms the IJ's decision by citing *Matter of Burbano*," as was the case here, "it is adopting the IJ's decision in its entirety." *Lezama-Garcia v. Holder*, 666 F.3d 518, 524 (9th Cir. 2011). "We therefore review the decision of the IJ, as well as any additional reasoning offered by the BIA." *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008).

1.    ***Asylum and Withholding of Removal.*** "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of . . . membership in a particular social group . . . .'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). Similarly, a petitioner may not be removed to a particular country if his "life or freedom would be threatened in that country because of . . . membership in a particular social group . . . ." 8 U.S.C. § 1231(b)(3)(A).

---

[1] Lara-Gomez's minor child asserts a derivative asylum claim. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005).

Withholding of removal requires a less-stringent causal nexus between the alleged persecution and protected ground: "An asylum applicant must demonstrate that a protected ground was 'at least one central reason' for [his] persecution," while "[a] withholding of removal applicant . . . must prove only that a cognizable protected ground is 'a reason' for future persecution." *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (citations omitted).

The IJ found that Lara-Gomez failed to prove that he suffered past persecution or that he was likely to suffer future persecution based on a protected ground because the single instance in the record that might have constituted persecution was based entirely on a general criminal motive for financial gain, not on any protected ground asserted by Lara-Gomez. *See Baballah v. Ashcroft*, 367 F.3d 1067, 1075 n.7 (9th Cir. 2004) (noting that "our precedent precludes relief" from "persecution solely on account of an economic motive"). Lara-Gomez did not challenge these findings to the BIA, nor in this court, instead focusing his arguments on whether his asserted particular social groups are cognizable. Thus, Lara-Gomez has forfeited any challenge to these dispositive findings, *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996), and we must deny his petition for review.

**2.** ***CAT Relief.*** Although Lara-Gomez mentions his CAT claim in his statement of issues, he does not address it in the body of his opening brief. He also failed to challenge the IJ's findings on this issue to the BIA. Accordingly, to the

extent Lara-Gomez raises this issue, it is also forfeited. *See id.*

**PETITION DENIED.**